**Patrick J. Geile,**
**Bar No. 6975**
**FOLEY FREEMAN, PLLC**
**953 S. Industry Way**
**P.O. Box 10**
**Meridian, ID 83680**
**Phone: (208) 888-9111**
**FAX: (208) 888-5130**
**pgeile@foleyfreeman.com**

**Attorney for Debtors**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| In re:<br><br>**GARY ALAN PORRETT and**<br>**JENNIFER SUE PORRETT,**<br><br>Debtors. | Case No. 09-03881-JDP<br><br>Chapter 7<br><br>**MOTION FOR STAY PENDING APPEAL** |
|---|---|

**Notice of Motion for Stay Pending Appeal and**
**Opportunity to Object and for a Hearing**

<u>No Objection</u>.  The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within fourteen (14) days of the date of service of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is not opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

<u>Objection</u>.  Any objection shall set out the legal and/or factual basis for the objection.  A copy of the objection shall be served on the movant.

<u>Hearing on Objection</u>.  The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

COMES NOW the Debtors, Gary A. Porrett and Jennifer S. Peterman, f/k/a Jennifer S. Porrett, by and through their counsel of record, Patrick J. Geile of Foley Freeman, PLLC, and hereby move this court for a stay pending appeal, pursuant to

MOTION FOR STAY PENDING APPEAL - 1

F.R.B.P. Rule 8007(a)(1).

The trustee is in possession of the funds held in this matter and is actively moving towards disbursing the funds and closing the case. Counsel Debtor's and Trustee have discussed a stipulation to stay the bankruptcy case, and are unable to reach an agreement on the stay.

1. The stay should be granted in this case due to the likelihood of the success on the merits on appeal.

2. Irreparable injury will occur if the stay is denied.

3. There is no substantial harm to the appellee if the stay is granted.

4. The stay will do no harm to the public interest.

## I. Likelihood of Success on the Merits

5. There is a likelihood of success on appeal due to the fact that the *MacKenzie v. Neidorf* decision is on point in this case, and the court abused its discretion in applying the incorrect legal standard to the facts in this case.

## II. Irreparable Injury if the Stay is Denied

6. In this matter, the irreparable injury if the stay is denied is that the funds will be disbursed to the creditors, and the appeal will be moot.

7. Counsel concedes that the amount of money is not substantial in this case, but if those funds are distributed pursuant to an order of distribution, there is no effective way for the debtor to get those funds back, and there will be injury if that moves forward.

## III. Substantial Harm to Appellees if Stay is Denied

8. Based on the aforementioned regarding irreparable harm, there is no

harm to appellees if the stay is granted.

9. In this case, the trustee is in possession of liquid funds that can easily be held in trust pending a decision on appeal.

10. There are no assets in this case that need to be liquidated immediately, or are diminishing in value, that would favor a position to not stay the action.

### IV. The Public Interest

11. The public interest in this matter is greatly served by having an appellate decision on the facts set forth in this case.

12. As argued at hearing, there are more likely than not hundreds, if not thousands, of bankruptcy debtors effected by consent orders within the Ninth Circuit.

13. Many of those debtors will have fact scenarios substantially similar to the debtors, whereas a consent order is regarding activity pre-petition and, therefore, an appellate decision should and will give guidance to all debtors in the Ninth Circuit regarding whether or not these funds from consent orders are properly characterized as property of the bankruptcy estate.

### CONCLUSION

For the aforementioned reasons Debtors respectfully request this court stay the bankruptcy matter in this case.

DATED this 4th day of April, 2016.

FOLEY FREEMAN, PLLC

 /s/
Patrick J. Geile

MOTION FOR STAY PENDING APPEAL - 3

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 4th day of April, 2016, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| | | |
|---|---|---|
| Office of the U.S. Trustee<br>Washington Group Central Plaza<br>720 Park Blvd., Ste. 220<br>Boise, ID 83712 |  X  | CM/ECF Notice |
| Noah G. Hillen<br>PO Box 6538<br>Boise, ID 83707 |  X  | CM/ECF Notice |
| Wells Fargo Financial<br>c/o Jeffrey M. Wilson<br>PO Box 1544<br>Boise, ID 83701 |  X  | CM/ECF Notice |

    /s/
Patrick J. Geile