# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

|  |  |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| **Gary Alan Porrett and Jennifer Sue Porrett,** | **No. 09-03881-JDP** |
| **Debtors.** |  |

_____

## MEMORANDUM OF DECISION

_____

### *Introduction*

Before the Court is a motion for stay pending appeal filed by chapter 7[1] debtors Gary and Jennifer Porrett[2] ("Debtors"). Dkt. No. 76. The trustee, Noah G. Hillen ("Trustee") has objected to the motion. Dkt. No. 77. Upon consideration of the briefs and applicable law, and being familiar with the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Ms. Porrett's name is now Jennifer Peterman. Dkt. No. 76.

MEMORANDUM OF DECISION – 1

undisputed facts, the Court concludes that oral argument will not assist in the decisional process, and therefore, vacates the hearing on the motion set for April 26, 2016. This Memorandum constitutes the Court's findings of fact, conclusions of law, and reasons for its decision. Fed. R. Bankr. P. 7052; 9014.

*Facts*

On March 10, 2016, this Court entered a Memorandum Decision in which it set forth the relevant facts, analyzed the legal issues, and concluded that Trustee, on behalf of the bankruptcy estate, and not Debtors, was entitled to certain funds paid by Wells Fargo in exchange for a release of all claims arising out of the lender's practices and dealings in connection with the prebankruptcy loan it made to Debtors. Dkt. No. 68. Debtors have appealed that decision to the district court, and have asked the Court for a stay pending appeal preventing Trustee from disbursing the funds to creditors until the district court resolves the appeal. Dkt. Nos. 71-72; 76. Trustee objected to Debtors' motion for a stay. Dkt. No. 77.

MEMORANDUM OF DECISION – 2

*Analysis and Disposition*

Rule 8007(a) authorizes this Court to enter a stay pending an appeal from its order. In determining whether a stay pending appeal ought to be entered, the Court is to apply what is essentially the standard for entry of a preliminary injunction. *In re Zaleha*, 93 IBCR 296, 301 (Bankr. D. Idaho 1993); *Thomason Farms, Inc. v. Thomason (In re Thomason)*, 2007 WL 2257662, at *2 (Bankr. D. Idaho Aug. 3, 2007). That standard requires the moving party to show:

> 1) whether the applicant has made a strong showing that he is likely to succeed on the merits;
> 2) whether the applicant will be irreparably injured absent a stay;
> 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> 4) where the public interest lies.

*Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). A stay "is not a matter of right . . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.'" *Lair*, 697 F.3d at 1203 (quoting *Nken*, 556 U.S. at 422). The party requesting the stay bears the burden of

MEMORANDUM OF DECISION – 3

demonstrating that the circumstances justify an exercise of the Court's discretion.  *Lair*, 697 F.3d at 1203 (citing *Nken*, 556 U.S. at 433-34).

    1.    *Likeliness of Success on the Merits*

The first, and usually most difficult prong of the test Debtors must satisfy is to show that they will likely be successful in their appeal.  This requires a showing of "better than negligible" chances of success on the merits, or more than a "mere possibility of relief."  *Lair*, 697 F.3d at 1204.  In analyzing Debtors' motion, the presence of "serious legal questions" may be considered.  *Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011).

The Court finds that Debtors have met their burden.  In these proceedings, Debtors have relied upon *In re Neidorf*, 534 B.R. 369, 372 (9th Cir. BAP 2015), a recent decision which, at first blush, appears to be on point.  In *In re Neidorf*, the BAP held that a postpetition payment made to the debtors by a lender pursuant to a consent order issued by federal regulators based upon its questionable foreclosure practices was not an after-acquired interest subject to inclusion in the bankruptcy estate under

MEMORANDUM OF DECISION – 4

§ 541(a)(7). *Id*. at 372. In its decision in this case, this Court acknowledged that this case law required a "close reading," but ultimately distinguished *In re Neidorf* and held that the postpetition settlement funds in play here were indeed after-acquired property of the bankruptcy estate. Dkt. No. 68 at 11. In their motion, Debtors contend that this Court erred in its conclusion. Dkt. No. 76 at 2.

Whether the funds in question are property of the bankruptcy estate is a question requiring considerable analysis, and arguments exist to justify both possible outcomes. In other words, in this case, Debtors have raised a serious legal question for appeal. While the Court continues to believe it correctly decided the question, and that the law and analytical approach adopted in *In re Neidorf* is not applicable to these facts, it concludes that Debtors have adequately demonstrated some likelihood that they will prevail on appeal.

    2.    *Irreparable Injury*

Debtors must also demonstrate that they may suffer an irreparable injury absent entry of a stay pending appeal. *Lair*, 697 F.3d at 1214. The

MEMORANDUM OF DECISION – 5

Court agrees that, absent a stay, Debtors are at risk in this situation. If while the appeal is pending Trustee distributes the disputed funds to the various creditors, and if this Court's decision is reversed by the district court, Trustee would then be duty-bound to attempt to retrieve the funds. Assuming a decision on appeal will not be rendered for several months, the Court questions whether all the funds could, as a practical matter, be recovered by Trustee.[3] Moreover, such a recovery by the Trustee would likely take time and result in additional expense to the estate. On these facts, Debtors have persuaded the Court that it would be very difficult to "un-ring the bell" if the funds are distributed by Trustee. The Court therefore concludes it is probable that Debtors could suffer an irreparable injury if a stay pending appeal is not entered.

    3.    *Substantial Injury to Other Parties*

Trustee has not persuaded the Court that the bankruptcy estate, or its creditors, would suffer any substantial injury if Trustee is required to

---

[3] Indeed, if Trustee distributes the funds to creditors during the pendency of the appeal, Trustee may argue that the appeal has become equitably moot and should be dismissed.

MEMORANDUM OF DECISION – 6

hold the funds pending appeal. Indeed, regrettably, many years have already passed since this bankruptcy case was initiated, and additional delay in making distributions to creditors will be of little significance to creditors or Trustee.

    4.    *Public Interest*

Unquestionably, the public has an interest in the speedy and efficient administration of bankruptcy cases and in prompt payments to creditors. On the other hand, the public also has an interest in allowing the legal system to reach the correct decision without imposing harmful or punitive results on either party. This factor is, at best, neutral in the Court's analysis.

### *Conclusion*

Exercising its discretion, the Court determines that a stay pending appeal is appropriate in this case. Having demonstrated good cause, Debtors' motion will be granted and Trustee will be stayed from distributing the contested funds pending a decision from the district court.

A separate order will be entered.

MEMORANDUM OF DECISION – 7

Dated: April 25, 2016

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 8